ALD-083                                                            **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

_____

No. 26-1201

_____

In re:  JORDAN ZAHLER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:25-cv-04215)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 12, 2026

Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: February 25, 2026)

_____

OPINION*

_____

PER CURIAM

Pro se petitioner Jordan Zahler seeks a writ of mandamus asking us to intervene in

his civil action filed in the District Court. We decline to issue the requested writ.

Zahler brought a civil action against Gregory Alvarez, Jackson Lewis P.C., and

unnamed members of that law firm's Board of Directors. The law firm represented

Zahler's former employer. The named defendants moved to dismiss the complaint or,

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

alternatively, to stay the proceeding. Zahler opposed the motion. He also requested entry of default judgment against the named defendants because they did not file an answer, and they did not meet and confer with Zahler before moving to dismiss.

Meanwhile, Zahler twice moved for the recusal of the assigned District Court Judges. The District Court granted the first motion, and the case was reassigned. The basis for the second recusal motion was that one of the law firm's attorneys was appearing before the newly assigned District Court Judge in a different case. That same attorney had represented Zahler's former employer in Zahler's unemployment compensation appeal hearing. The District Court denied the motion. Zahler filed a motion for reconsideration, which the District Court also denied. Then, the District Court granted the defendants' motion to dismiss, offering Zahler leave to amend some of his claims.

Zahler has filed a mandamus petition requesting that we 1) direct the District Court Clerk to enter default judgment against the named defendants; 2) reassign the civil action to a different Judge; and 3) "[r]efer this matter to the Judicial Council of the Third Circuit for review of the repeated assignment of conflicted judges to this case[.]" "The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." *In re Abbott Lab'ys*, 96 F.4th 371, 379 (3d Cir. 2024) (citation modified). The petitioner must show: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." *Id.* (citation omitted). A writ of mandamus may be warranted where "undue

2

delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

Zahler has not demonstrated his entitlement to such extraordinary relief. *See Abbott Lab'ys*, 96 F.4th at 379. To the extent that Zahler's mandamus petition could be construed as seeking an order compelling the District Court's adjudication of the defendants' motion to dismiss, that request is now moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996). Further, there is no reason why Zahler cannot challenge the District Court's decision to grant the defendants' motion to dismiss, or its implicit decision not to enter default judgment against the defendants, on appeal. *See Abbott Lab'ys*, 96 F.4th at 379.[1]

We also will not disturb the District Court Judge's decision not to recuse under 28 U.S.C. § 455(a). *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993) (explaining that our mandamus power includes authority to review a district court judge's refusal to recuse under § 455(a)). We review that decision for an abuse of discretion. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 300–01 (3d Cir. 2004). A judge should disqualify herself if a reasonable person who is aware of all the facts might reasonably question her impartiality. *See id.* at 301–02. Here, the District Court properly explained that the attorney's involvement in an unrelated case did not create an

---

[1] To the extent that the District Court's order granting the defendants' motion to dismiss did not implicitly reject Zahler's request for default judgment, any delay in adjudicating that request has not approached a failure to exercise jurisdiction. *See Madden*, 102 F.3d at 79.

appearance of impropriety or provide a reasonable basis to question the District Court Judge's impartiality.

Furthermore, we decline to refer this matter to the Judicial Council because there is no evidence of repeated assignment of conflicted judges, and Zahler has provided no other basis for referral. For these reasons, we will deny the mandamus petition.[2]

---

[2] To the extent that Zahler asks us to "[s]tay the District Court's . . . Order" granting the defendants' motion to dismiss, "including the . . . amendment deadline," we conclude that relief is not warranted.